UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRIAN BROADFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-CV-1202 |
| | ) | |
| LOGAN FOSDIC, | ) | |
| STUART INMAN, | ) | |
| JASON DURHAM, and | ) | |
| BRIAN MCGRATH, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH**, **U.S. DISTRICT JUDGE**.

Plaintiff, currently incarcerated in Pekin Federal Correctional Institution, proceeds pro se on a claim for deliberate indifference to his serious mental health needs and excessive force during his detention in the Livingston County Jail.[1]  Plaintiff maintains that Defendants delayed putting Plaintiff in a restraint chair and then prematurely removed Plaintiff from the restraint chair, causing

---

[1] The excessive force claim was not specifically identified in the merit review order or the 7/13/16 text order adding Defendants.  However, Plaintiff did plead an excessive force claim in his motion to add defendants (d/e 6, p.2), and the parties have addressed the excessive force claim on its merits.

Plaintiff to harm himself.  Plaintiff also maintains that excessive force was used to transfer Plaintiff from the restraint chair to a cell.

Defendants move for summary judgment.  For the reasons below, summary judgment is denied to Defendant Inman on the Plaintiff's deliberate indifference claim but granted to the other Defendants.  Summary judgment is denied to Defendants McGrath, Durham and Long on Plaintiff's excessive force claim.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A movant may demonstrate the absence of a material dispute through specific cites to admissible evidence, or by showing that the nonmovant "cannot produce admissible evidence to support the [material]  fact."  Fed. R. Civ. P. 56(c)(B).  If the movant clears this hurdle, the nonmovant may not simply rest on his or her allegations in the complaint, but instead must point to admissible evidence in the record to show that a genuine dispute exists.  Id.; Harvey v. Town of Merrillville, 649 F.3d 526, 529 (7th Cir. 2011).

At the summary judgment stage, the evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant.  <u>Id.</u>

**Analysis**

On October 23, 2015, Plaintiff, a federal detainee, was detained at the Livingston County Jail.  That morning, Plaintiff was reassigned to a different cell due to an altercation with another inmate.  Plaintiff refused and became angry, threatening a hunger strike.  He was placed in a holding cell pending his reassignment, whereupon he "flipped out" and started hitting himself in the face and hitting his face against the wall.  Plaintiff told Defendant Fosdick over the intercom that Plaintiff was hurting himself and needed to put in a restraint chair.  Defendant Fosdick was in the master control room at the time.  (Defs.' Undisputed Facts 8-12.)  Officer Fosdick avers that he told Defendant Durham about Plaintiff's threats of self-harm.  Plaintiff disputes this but he does

not explain how he knows what Officer Fosdick did since Officer Fosdick was in the control room and not in Plaintiff's line of sight.

In any event, at 10:00 a.m., about 45 minutes after Plaintiff was placed in the holding cell, Defendant Durham visited Plaintiff's cell. Plaintiff again said he needed to be put in a restraint chair because he was hurting himself. Defendant Durham informed Defendant Inman, who was an Assistant Superintendent. Defendant Inmate ordered that Plaintiff be placed on suicide watch in a padded cell, issued a suicide proof smock, and monitored every 15 minutes. (Defs.' Undisp. Fact. 21.) Plaintiff continued to hurt himself, hitting himself in the face and hitting his head on the doors and walls. At about 10:45 a.m., Plaintiff kicked and broke the cell window. (Defs.' Undisp. Fact 22.)

Defendant Inman then directed that Plaintiff be placed in a restraint chair, where Plaintiff remained for about six and ½ hours. According to Plaintiff, he continued to try to hurt himself in the restraint chair by pulling and twisting on the restraints. (Pl.'s Dep. 71.) At around 5:35 p.m., Defendant Inman ordered that Plaintiff be moved to a cell because he believed that continued confinement

in the restraint chair was counter-productive and could increase the risks to Plaintiff.  Defendants McGrath, Durham, and Long then tried to move Plaintiff from the restraint chair into the cell.  According to Defendants, Plaintiff was combative and uncooperative, requiring the use of a wrist lock and carrying Plaintiff in "hog tied" fashion to his cell.  Plaintiff counters that he was not unable to cooperate because of the position of his arms and that McGrath unnecessarily twisted Plaintiff's arm and tried to force Plaintiff's arm into position to be handcuffed.  According to Plaintiff, his wrist was "severely bruised" for days because "every time [McGrath] tried to twist it, I twisted back because he was hurting my elbow.  He just kept twisting, and as I said, it severely bruised my wrist." (Pl.'s Dep. 70.)  Plaintiff also asserts that his throat was pressed up against concrete while the handcuffs were being removed and that he could not breathe.  (Pl.'s Dep. 71.)

## Analysis

Drawing inferences in Plaintiff's favor, Plaintiff was having a mental health crisis or breakdown on October 23, 2015.  The question is whether Defendants were deliberately indifferent.  The

deliberate indifference standard applies on the mental needs claims even though Plaintiff was a pretrial detainee.  Estate of Clark v. Walker, 865 F.3d 544, 551-52 (7th Cir. 2017).  Deliberate indifference is the conscious disregard of a known and substantial risk of serious harm.  Rice ex rel. Rice v. Correctional Medical Serv., 675 F.3d 650, 665 (7th Cir. 2012)("An official is deliberately indifferent when he is subjectively aware of the condition or danger complained of, but consciously disregards it.").

A juror certainly could conclude that Defendants responded reasonably to Plaintiff's mental health crisis, doing their best in an impossible situation.  Plaintiff argues that he should have been placed in the restraint chair sooner and kept there until the crisis passed, but he does not have the right to dictate Defendants' response.  Anyway, Plaintiff continued to hurt himself after he was placed in the restraint chair, so the chair did not help much, though at least he could not bang or hit his head.

However, accepting that Plaintiff was experiencing a mental health crisis, a mental health professional was arguably the one with the expertise to decide how Plaintiff should be handled.

Defendants did not have that training. No mental health expert was called to see Plaintiff that day. Defendant Durham avers that he had another correctional officer call a crisis counselor, Keri Daniels, who purportedly advised that Defendants continue to monitor Plaintiff. (Durham Aff. ¶ 35-36.) This is hearsay, however, and not a proposed fact.

On this record, the Court cannot rule out an inference of deliberate indifference to Plaintiff's serious mental health needs on October 23, 2015. However, the record shows that Defendant Inman was in charge of how this incident was handled. The other Defendants were simply following Defendant Inman's orders, which is not a basis for liability. The claims proceeds against only Defendant Inman.

Moving to Plaintiff's excessive force claim, again a juror certainly could find for Defendants. The video evidence does not suggest that excessive force was used, and Plaintiff himself seems to admit that he was uncooperative at points. However, the video evidence does not show all of the force used which Plaintiff calls excessive. And, particularly in light of the objective standard

established in <u>Kingsley v. Hendrickson</u>, 135 S.Ct. 2466 (2015), the Court cannot rule out a reasonable inference that excessive force was used.

Defendants also assert qualified immunity, but, looking at the facts in the light most favorable to Plaintiff, Defendants failed to obtain mental health care for Plaintiff by a mental health professional in a situation clearly requiring that expertise.  Further, accepting Plaintiff's version, Defendants had no objective need to severely twist Plaintiff's wrist, carry him hog-tied, and press his neck on the concrete so hard that he could not breathe.  Qualified immunity is not appropriate on this record.

**IT IS THEREFORE ORDERED:**

**1.    Defendants' motion to supplement their summary judgment motion with a signed version of Defendant McGrath's affidavit is granted.  (d/e 22.)**

**2.    Plaintiff's motion to strike Defendants' affidavits is denied. (d/e 26.)**

**3.    Defendants' motion for summary judgment is granted in part and denied in part.  (d/e 23.)  Summary judgment is denied to Defendant Inman on the Plaintiff's deliberate indifference to serious mental needs claim and is granted to the other Defendants on that claim.  Summary judgment is**

**denied to Defendants McGrath, Durham and Long on Plaintiff's excessive force claim.**

**4.    This case is referred to the Magistrate Judge for a settlement conference.  Final pretrial and trial dates will be set if no settlement is reached.**

**5.    The clerk is directed to terminate Defendant Fosdick and to notify the Magistrate Judge of the referral for a settlement conference.**

ENTERED: 09/06/2017

FOR THE COURT:          **s/Sue E. Myerscough**
                        SUE E. MYERSCOUGH
                        UNITED STATES DISTRICT JUDGE